### C. C. Breuer v. Frederick Berold.

REMEDY OF LESSOR FOR BREACH OF VERBAL LEASE.

     Part performance under a verbal lease sufficient to take the same out of the statute of frauds, obtains in equity only, and will not avail to render the contract capable of being sued on in a court of law.

     [For other cases in point, see 4 Cyc. Dig., "Frauds, Statute of," §§ 89-103.—Ed.]

     [Syllabus approved by the court.]

ERROR to Hamilton common pleas court:

**Powel Crosley,** for plaintiff in error.

**Pogue & Pogue,** for defendant in error.

## PER CURIAM.

The cause of action as stated in the amended petition is founded upon a verbal contract of lease of certain real estate for a term of one year at a monthly rental of $100, and upon part performance by delivery of possession and by acts of the tenant in setting up certain machinery in the building according to the terms of the contract. The breach of the contract consisted in the refusal of the landlord to allow other machinery to be moved into the premises or the operation of any of such machinery, whereby the tenant was compelled to and did abandon the premises. The relief prayed for is damages for the alleged breach of the contract.

The lease was within the statute of frauds, and could not be enforced, unless by part performance it was taken out of the operation of that statute. *Grant* v. *Ramsey,* 7 Ohio St. 157, 158, 167.

The only relief to which the tenant was entitled, under the allegations of the amended petition, or in any event after abandonment of the premises, was a personal judgment for money only. His right of action depended upon part performance of the contract, the doctrine of which obtains in equity only, and does not avail to render a contract, which is void by the statute because unwritten or unsigned, capable of being sued on in a court of law. *Kling* v. *Bordner,* 65 Ohio St. 86 [61 N. E. Rep. 148].

The court therefore erred in overruling the demurrer to the amended petition, and in overruling the motion for judgment notwithstanding the verdict. Judgment of the court of common pleas reversed and judgment for plaintiff in error.